# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAL WETZEL, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
|   v. | ) **Case No.:** |
| | ) |
| ADT, LLC d/b/a ADT SECURITY SERVICES, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| | ) |
|     Defendant | ) |

## COMPLAINT

CAL WETZEL ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ADT, LLC d/b/a ADT SECURITY SERVICES ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing Ashland, Pennsylvania 17921.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its office located at 1501 Yamato Road, Boca Raton, Florida 33431.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for more than one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. Plaintiff's cellular telephone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in March 2015, and through May 2015, Defendant called Plaintiff on his cellular telephone regarding a balance owed on his account.

14. When contacting Plaintiff on his cellular telephone, Defendant used

an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

15. Plaintiff knew Defendant was calling using an automated and/or pre-recorded message as he heard a "computer recording" that identified Defendant's company name as the caller.

16. Further, Defendant's automated messages provided Plaintiff a telephone number to call and announced that it had special information for him.

17. Defendant's telephone calls were not made for "emergency purposes."

18. In early April 2015, Plaintiff told Defendant to stop calling his cellular telephone number.

19. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling his cellular telephone number.

20. Defendant, however, ignored Plaintiff's revocation and continued to call his cellular telephone number, on average, once a day.

21. Most recently, Defendant called Plaintiff's cellular telephone number on May 11, 2015.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone.

24. Defendant's calls to Plaintiff were not made for emergency purposes.

25. Defendant's calls to Plaintiff, in and after early April 2015, were not made with Plaintiff's prior express consent.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

PLAINTIFF'S COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CAL WETZEL, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CAL WETZEL, demands a jury trial in this case.

|   |   |
|---|---|
| | RESPECTFULLY SUBMITTED, |
| DATED: 06-15-15 | KIMMEL & SILVERMAN, P.C. |
| | By: */s/ Craig Thor Kimmel*_____ |
| | CRAIG THOR KIMMEL |
| | Attorney ID # 57100 |
| | Kimmel & Silverman, P.C. |
| | 30 E. Butler Pike |
| | Ambler, PA 19002 |
| | Phone: (215) 540-8888 |
| | Fax: (877) 788-2864 |
| | Email: kimmel@creditlaw.com |